**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 10-820-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Cesar Alejandro Martinez, | |
| Defendant. | |

Pending before the Court is Mr. Cesar Alejandro Martinez's ("Defendant") Motion to Dismiss (Doc. #10). After reviewing the Motion, the Government's Response (Doc. #16), and Defendant's Reply (Doc. #20), the Court denies the Motion.

**I.  Background and Procedural History**

Immigration and Customs Enforcement ("ICE") agents arrested Defendant on May 18, 2010 in Phoenix, Arizona for possessing approximately seven bales of marijuana. (Doc. #16 at 2). The agents, along with a Maricopa County Sheriff's deputy, discovered the marijuana after conducting an inventory search of Defendant's car. (Doc. #16 at 15). Subsequently, a DEA lab determined the seven bundles weighed approximately 74.34 kilograms, or 163.50 pounds. (Doc. #16 at 15).

On May 19, 2010, the United States filed a criminal complaint against Defendant, charging him with one count of possessing less than 50 kilograms of marijuana with intent

to distribute, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). (Doc. #16 at 2). On June 16, 2010, a federal grand jury returned an indictment against Defendant. (Doc. #16 at 2). The indictment charged him with one count of "possess[ing] more than 50 kilograms of marijuana with intent to distribute," a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. #16 at 2).

**II. Analysis**

    **A. Defendant's Motion to Dismiss for Lack of Jurisdiction**

Defendant initially argued the Government's "disclosure provides no evidence establish[ing] jurisdiction in this or any federal court." (Doc. #10 at 1). Defendant now concedes the Court's proper exercise of jurisdiction over his case. (Doc. #20 at 1) ("Defendant concedes that jurisdiction is rendered by [Ninth] Circuit case law and the Motion to Dismiss fails as a matter of law."). The Court agrees.

In the criminal context, the United States district courts have original jurisdiction over federal offenses. 18 U.S.C. § 3231. Congress has criminalized possession of marijuana with the intent to distribute under 21 U.S.C. § 841. 21 U.S.C. § 841 ("[I]t shall be unlawful for any person knowingly or intentionally to . . . possess with the intent . . . to distribute . . . a controlled substance . . . ."); *see United States v. Watson*, 224 Fed. Appx. 484, 187 (3d Cir. 2007) (holding that the district court had subject-matter jurisdiction over prosecution for "attempted possession with intent to distribute cocaine")*; see also Crossley v. California*, 168 U.S. 640, 641 (holding that when a crime is punishable under both federal and state law, the respective courts have concurrent jurisdiction). Defendant was indicted under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) for possessing more than 50 kilograms of marijuana in the District of Arizona with the intent to distribute. (Doc. #16 at 2). Accordingly, Defendant's alleged misconduct brings him within the Court's jurisdiction.

Various courts have upheld the constitutionality of 21 U.S.C. § 841(a). *See United States v. Montes-Zarate*, 552 F.2d 1330, 1331 (9th Cir. 1977); *see also Gonzales v. Raich*, 545 U.S. 1, 15 (2005) (noting that California's application of the Controlled Substances Act (or 21 U.S.C. § 841(a)) did not exceed Congress' authority under the Commerce Clause).

Further, even though Defendant's alleged misconduct was exclusively limited to Arizona, federal jurisdiction does not require an interstate nexus. *Montes-Zarate*, 552 F.2d at 1331; *see also United States v. Visman*, 919 F.2d 1390, 1392 (9th Cir. 1990); *United States v. Rodriquez-Camacho*, 468 F.2d 1220, 1222 (9th Cir. 1972). Accordingly, the Court has jurisdiction over Defendant's case and will deny Defendant's Motion to Dismiss.

**B.  Defendant's Request for an Evidentiary Hearing**

Defendant also requests the Government to provide "complete disclosure" to aid in his defense. (Doc. #20 at 1). Although Defendant initially sought disclosure to determine the Court's basis for jurisdiction (Doc. #10 at 2), he now requests an evidentiary hearing to obtain "all information from all law enforcement agencies involved in the 'ongoing investigation.'"[1] (Doc. #20 at 1).

"The government must disclose, upon defendant's request, all 'documents . . . within the government's possession, custody, or control . . . [that are] material to preparing the defense. . . .'" *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (quoting Fed. R. Crim. P. 16(a)(1)(E)(I)). A defendant's "threshold showing of materiality . . . requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 2010); *See Brady v. United States*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

Under the *Brady* framework, the Court is unable to ascertain how these additional disclosures would be helpful to his defense. Defendant's sweeping requests for undisclosed materials do not provide the Court with any basis to determine their helpfulness or relevance

---

[1] Defendant specifically requests materials "leading up to ICE directive that Maricopa County Sheriff's Office conduct a pretext traffic stop on [Defendant's vehicle], all information regarding other suspects in the investigation, and the excisions made in the report." (Doc. #20 at 2).

1 to *his* criminal proceedings.[2] In particular, Defendant's reliance on conclusory statements 2 leaves the Court guessing as to the helpfulness of any additional disclosures, and therefore, 3 he has failed to provide any facts which could sustain a threshold showing of materiality. 4 For these reasons, the Court denies Defendant's request for an evidentiary hearing.

## III. Conclusion

After reviewing the record, the Court has jurisdiction over Defendant's case. Congress has criminalized possession of marijuana with the intent to distribute under 21 U.S.C. § 841. Defendant's indictment under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) places him within the jurisdiction of this Court. Further, an evidentiary hearing is inappropriate. Defendant has failed to provide any facts sustaining a threshold showing of materiality. He is currently unable to demonstrate additional Government disclosures would aid in his defense.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Request for an Evidentiary Hearing is **DENIED**; accordingly, the hearing regarding Defendant's Motion to Dismiss (for lack of federal jurisdiction) set for July 21, 2010 is vacated. However, the parties are still required to appear for the Status Conference set on that same date.

DATED this 14th day of July, 2010.

*James A. Teilborg*
United States District Judge

---

[2] Defendant cites an e-mail sent by Assistant United States Attorney McLaughlin, the content of which reduces the likelihood that additional disclosures will aid the defense. (Doc. #10 at 1). The excerpt provides, in part: "We will not be offering evidence at trial regarding any events prior to the stop. There is a larger investigation, but none of that information is exculpatory and none of it will be offered against your client at trial." (Doc. #10 at 1).